# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 9, 2013

## ANTHONY LEROY HARRIS v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 12-CR-9767     R. Lee Moore, Jr., Judge**

**No. W2012-02461-CCA-R3-HC  -  Filed May 16, 2013**

The petitioner, Anthony Leroy Harris, appeals the summary denial of his petition for a writ of habeas corpus.  The petitioner is currently serving an effective ninety-year sentence in the Department of Correction following convictions for aggravated kidnapping and armed robbery.  In his petition, he alleges he is entitled to habeas corpus relief because his sentences are disproportionate to the severity of the offenses he committed.  On appeal, he contends that the habeas corpus court erred in its denial because proportionality of a sentence has been recognized as a habeas corpus claim in the United State Court of Appeals for the Sixth Circuit.  Following review of the record, we conclude no viable habeas corpus claim was presented and affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and JEFFREY S. BIVINS, JJ., joined.

Anthony Leroy Harris, Tiptonville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General, for the appellee, Henry Steward, Warden.

## OPINION

### Procedural History and Factual Background

Following a jury trial in 1990, the petitioner was convicted of aggravated kidnapping and armed robbery. Following a sentencing hearing, the trial court sentenced the petitioner, as a career offender, to consecutive sentences of sixty and thirty years, for an effective term of ninety years in the Department of Correction. The petitioner filed a direct appeal to this court challenging only the sufficiency of the evidence. In a Rule 20 opinion, this court affirmed the convictions. *State v. Anthony Leroy Harris*, No. 01C01-9102CR00028, 1991 WL 181417 (Tenn. Crim. App., at Nashville, Sept. 16, 1991).

On October 12, 2012, the petitioner filed a pro se petition for a writ of habeas corpus challenging the legality of his sentences upon grounds that the sentences were grossly disproportionate to the severity of the offenses he committed in violation of his right to be protected from cruel and unusual punishment. The habeas corpus court thereafter entered a written order summarily denying the petition, finding that the petitioner had failed to state a basis for relief because he failed to establish that either sentence was void or expired. The petitioner has filed a timely notice of appeal.

**Analysis**

On appeal, the petitioner contends that the court's summary denial of his petition was error because "proportionality of sentence has been recognized as a habeas corpus claim in the Sixth Circuit." He bases his argument on the case of *Thomas D. Smith v. Jack Morgan*, *Warden*, No. 05-6669, 371 Fed. Appx. 575 (6th Cir., Mar. 29, 2010).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. *See also* T.C.A. § 29-21-101, et seq, (2010). However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Id*. at 163 (internal quotations omitted). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely

voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

*Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations and quotations omitted); *see also Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. *Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Initially, we must address the petitioner's asserted argument. As noted, the petitioner bases his assertions of error upon the Sixth Circuit case of *Smith v. Morgan*. However, the petitioner misinterprets that case and confuses federal and state habeas corpus law. The cited case involved a federal habeas corpus claim challenging a Tennessee state sentence as disproportionate. *See Smith v. Morgan*, 371 Fed. Appx. at 577-78. The question at issue in that case was whether the petitioner had exhausted all avenues for state relief with regard to his constitutional proportionality claim. *Id*. We agree with the petitioner that the United States Court of Appeals for the Sixth Circuit concluded that the petitioner in that case had exhausted his state remedies and remanded the case to the district court for a habeas corpus hearing on the merits of the proportionality issue. *Id*. However, a reading of the subsequent appellate opinion filed after that habeas hearing makes clear the distinction which the petitioner overlooks:

Under 28 U.S.C. § 2254(d), a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Thomas D. Smith v. John Howerton*, *Warden*, No. 11-6517 2012 WL 6700323, at \*3 (6th Cir., Dec. 27, 2012). The petitioner's argument ignores that the standard for habeas corpus relief in federal and state courts is different. The petitioner's avenues to challenge the proportionality in the courts of Tennessee were through a direct appeal or petition for post-conviction relief, avenues which petitioner Smith availed himself of prior to seeking federal habeas corpus relief.

Turning to the state habeas corpus law for Tennessee, the petitioner has failed to establish that the habeas court committed error in summarily denying the petition. As noted by the court, habeas corpus relief is only available where the sentence is illegal on its face or the sentence has expired. *See Archer*, 851 S.W.2d at 164. The court noted that the sixty and thirty year sentences were within the range for the appropriate class of felony and sentencing classification and, further, that neither sentence had expired. There was nothing on the face of the judgments or the record which would indicate that the sentences imposed were illegal. Thus, the habeas court correctly determined that the petitioner had failed to state a cognizable basis for habeas corpus relief. As such, the petitioner is entitled to no relief.

**CONCLUSION**

Based upon the foregoing, the summary denial of habeas corpus relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE

-4-